IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN GRANADOS, | § | |
| | § | |
| v. | § | C.A. NO. C-07-208 |
| | § | |
| UNITED STATES OF AMERICA. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a habeas petition filed by a federal prisoner pursuant to 28 U.S.C. § 2241.  (D.E. 1).  For the reasons stated herein, it is respectfully recommended that the Court dismiss petitioner's action for failure to prosecute his claims.

### I.  BACKGROUND

Proceeding *pro se*, petitioner filed his petition for a writ of habeas corpus on January 4, 2007 in the Southern District of New York.  (D.E. 1).  On March 28, 2007, the petition was transferred to the Houston Division of the Southern District of Texas.  (D.E. 2, 3).  On April 30, 2007, the petition was transferred to the Corpus Christi Division of the Southern District of Texas.  (D.E. 7, 8).  On May 8, 2007, a notice of deficient pleading was sent to petitioner.  (D.E. 10).  The notice informed him that he must either pay the $5.00 filing fee, or file a complete application for leave to proceed in forma pauperis.  Id.  It further informed him that he had twenty days to cure the deficiencies.  Id.

Because he failed to correct these deficiencies, on May 30, 2007, an order to show cause as to why his petition should not be dismissed was filed. (D.E. 11). To date, petitioner has neither paid the filing fee, nor filed a new application for leave to proceed in forma pauperis. To date, he has not responded to the order to show cause.

## II. DISCUSSION

An action may be dismissed if the petitioner fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

It appears that petitioner has both abandoned his petition and failed to comply with orders of this Court. Therefore, it is respectfully recommended that the Court dismiss his petition for failure to prosecute his claim.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss petitioner's petition for a writ of habeas corpus for failure to prosecute.

Respectfully submitted this 20th day of June 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).